**Joan BUCHET, Bert Mason
and all others similarly
situated, Plaintiffs,**

v.

**ITT CONSUMER FINANCIAL CORPO-RATION, a Delaware corporation; Thorp Credit and Thrift, a Minnesota corporation; Aetna Finance, a Wisconsin corporation; and ITT Financial Corporation, a Delaware corporation, Defendants.**

**No. 3–91 CIV 809.**

United States District Court,
D. Minnesota,
Third Division.

July 13, 1994.

Chestnut & Brooks, P.A. by Karl L. Cambronne, and Sandra J. McGoldrick–Kendall, Minneapolis, MN, and Reinhardt and Anderson by Mark Reinhardt, and Sara Madsen, St. Paul, MN, appeared on behalf of the plaintiff class.

Dorsey & Whitney by Janice M. Symchych, and Carol A. Peterson, Minneapolis, MN, appeared on behalf of the defendants.

Law Offices of the Legal Aid Society of Minneapolis, Inc. by Galen Robinson, and Timothy L. Thompson, Minneapolis, MN, appeared on behalf of objecting class member/proposed intervenor Joyce Blesi.

Legal Services of Northeastern Wisconsin, Inc. by Daniel A. Idzikowski, Sheboygan, WI, appeared on behalf of objecting class member/proposed intervenor Mark Grennier.

### ORDER AMENDING OPINION OF FEBRUARY 24, 1994

ALSOP, Senior District Judge.

By previous order dated February 24, 1994, the Court denied the joint motion of class counsel and the defendants for final approval of a settlement agreement involving the issuance of scrip certificates to class members. *See Buchet v. ITT Consumer Fin. Corp.*, 845 F.Supp. 684, 697 (D.Minn. 1994). In that opinion, the Court "conclude[d] that the value offered to the class under the terms of th[e] proposed scrip settlement [was] simply too tenuous and speculative in nature." *Id.* at 692. This conclusion was based in part on the low rates of redemption for certificates used in the settlement of a previous class action involving ITT. *Id.* at 695 (citing *Hawkins v. Thorp Loan and Thrift Co.*, No. DC 85–6074, slip op. at 5, 1992 WL 589727 (Minn.Dist.Ct., Hennepin Co. Feb. 21, 1992)). The Court's opinion set forth the following data, as supplied by ITT, regarding the number of certificates that had been redeemed in that action:

| CLASS | FACE VALUE OF CERTIFICATES | NUMBER OF CERTIFICATES ISSUED | PRODUCT ON WHICH CERTIFICATES COULD BE REDEEMED | NUMBER OF CERTIFICATES REDEEMED | PERCENTAGE OF CERTIFICATES REDEEMED |
|---|---|---|---|---|---|
| Two | $39.00 | 126,321 | Property Insurance | 3,140 | 2.486% |
| Three | $29.00 | 96,754 | Thrift Club Membership | 2 | .002% |
| Four | $39.00 | 445,465 | Credit Life Insurance | 14,597 | 3.277% |
| Five | $19.00 | 409.538 | Credit Disability Insurance | 7,838 | 1.914% |

*Id.*

ITT has subsequently informed the Court that the data it previously supplied regarding the number of certificates redeemed in Class Two, Class Four, and Class Five is incorrect. For these three classes, counsel inadvertently submitted the dollar value of the certificates redeemed rather than the number of certificates redeemed.[1] Therefore, the data set forth in the Court's previous opinion should be amended as follows to reflect the true redemption rates for these certificates:

| CLASS | FACE VALUE OF CERTIFICATES | NUMBER OF CERTIFICATES ISSUED | PRODUCT ON WHICH CERTIFICATES COULD BE REDEEMED | NUMBER OF CERTIFICATES REDEEMED | PERCENTAGE OF CERTIFICATES REDEEMED |
|---|---|---|---|---|---|
| Two | $39.00 | 126,821 | Property Insurance | 93 | .074% |
| Three | $29.00 | 96,754 | Thrift Club Membership | 2 | .002% |
| Four | $39.00 | 445,465 | Credit Life Insurance | 489 | .110% |
| Five | $19.00 | 409.538 | Credit Disability Insurance | 423 | .103% |

The Court recognized in its previous opinion "that the certificates in *Hawkins* were not redeemable on loan payments, and, therefore, the redemption rates in *Hawkins* are not directly applicable to the settlement [that was] proposed in this case." *Id.* at 696. This amended data, however, adds further support for the Court's conclusion that "the *Hawkins* class members either perceived the certificates as having very little value or did not understand how to use them." *Id.*

Accordingly,

**IT IS HEREBY ORDERED** That the Court's February 24, 1994 opinion is amended, as set forth above, to reflect the correct data regarding the redemption rates of the certificates issued to *Hawkins* class members.

---

1. Some of the certificates were redeemed for products costing less than the face value of the certificate. Therefore, the previous redemption numbers supplied by ITT are not evenly divisible by the face dollar value of the certificates.